## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULA MCCLELLAN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-182-GMS |
| | ) | |
| v. | ) | |
| | ) | **Trial by Jury Demanded** |
| JPMORGAN CHASE & CO., a Delaware | ) | |
| corporation, and JPMORGAN CHASE | ) | |
| BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER

### I.    INTRODUCTION

1.      Admitted that Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Equal Pay Act.  Denied that Defendants have violated any federal or state law.

### II.    JURISDICTION AND VENUE

2.      Paragraph 2 constitutes conclusions of law and therefore no responsive pleading is required.  However, to the extent that any responsive pleading is required, paragraph 2 is denied.

3.      Paragraph 3 constitutes conclusions of law and therefore no responsive pleading is required.  However, to the extent that any responsive pleading is required, paragraph 3 is denied.

4.      Paragraph 4 constitutes conclusions of law and therefore no responsive pleading is required.  However, to the extent that any responsive pleading is required, paragraph 4 is denied.

### III.    **PARTIES**

5.      Defendants incorporate by reference as though set forth fully herein their answers to paragraphs 1 through 4 of the Complaint.

6.      Denied, except it is admitted on information and belief that Plaintiff is of African-American descent.

7.      Admitted.

8.      Admitted.

9.      Denied.

10.     Admitted.

11.     Admitted.

12.     Denied, except it is admitted JPMorgan Chase Bank, N.A. is a national banking institution.

13.     Paragraph 13 constitutes conclusions of law and therefore no responsive pleading is required.  However, to the extent that any responsive pleading is required, paragraph 13 is denied.

14.     Paragraph 14 constitutes conclusions of law and therefore no responsive pleading is required.  However, to the extent that any responsive pleading is required, paragraph 14 is denied.

### IV.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15.     Paragraph 15 constitutes conclusions of law and therefore no responsive pleading is required.  However, to the extent that any responsive pleading is required, paragraph 15 is denied.

DEL1 68134-2

16.    Paragraph 16 constitutes conclusions of law and therefore no responsive pleading is required.  However, to the extent that any responsive pleading is required, paragraph 16 is denied.

I.    Denied, except it is admitted that Plaintiff filed charges with the Equal Employment Opportunity Commission in or about March 2007.

II.    Admitted.

III.    Paragraph 16 III constitutes conclusions of law and therefore no responsive pleading is required.  However, to the extent that any responsive pleading is required, paragraph 16 III is denied.

## V.    OPERATIVE FACTS

17.    Defendants incorporate by reference as though set forth fully herein their answers to paragraphs 1 through 16 of the Complaint.

18.    Admitted.

19.    Admitted on information and belief.

20.    Denied that Plaintiff worked for Defendant JPMorgan Chase & Co.  Admitted that Plaintiff worked as a project analyst for Defendant JPMorgan Chase Bank, N.A. at the Morgan Christiana Center in Newark, DE 19713.

21.    Denied, except it is admitted that Plaintiff worked as a project analyst for Defendant JPMorgan Chase Bank, N.A.

22.    Denied.

23.    Denied.

24.    Denied, except it is admitted that Plaintiff worked as a project analyst for Defendant JPMorgan Chase Bank, N.A.

25.    Denied.

3

26.　　Denied.

27.　　Denied.

28.　　Denied, except it is admitted that on October 18 and 19 Plaintiff held her position as project analyst for approximately 4 weeks.

29.　　Denied.

30.　　Denied.

31.　　Denied.

32.　　Denied.

33.　　Admitted.

34.　　Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 34.

35.　　Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 35.

## COUNT I
## TITLE VII VIOLATIONS
### (RACE DISCRIMINATION, RACIALLY-MOTIVATED HARASSMENT, RACIALLY-MOTIVATED TERMINATION OF EMPLOYMENT, AND RETALIATION)

36.　　Defendants incorporate by reference as though set forth fully herein their answers to paragraphs 1 through 35 of the Complaint.

37.　　Paragraph 37 constitutes conclusions of law and therefore no responsive pleading is required. However, to the extent that any responsive pleading is required, paragraph 37 is denied.

38.　　Denied.

4

39.    Paragraph 39 constitutes conclusions of law and therefore no responsive pleading is required.  However, to the extent that any responsive pleading is required, paragraph 39 is denied.

40.    Denied.

**COUNT II**
**TITLE VII/EQUAL PAY ACT VIOLATIONS**
**(SEX DISCRIMINATION AND SEPARATE TREATMENT/**
**COMPENSATION BASED ON SEX)**

41.    Defendants incorporate by reference as though set forth fully herein their answers to paragraphs 1 through 40 of the Complaint.

42.    Paragraph 42 constitutes conclusions of law and therefore no responsive pleading is required.  However, to the extent that any responsive pleading is required, paragraph 42 is denied.

43.    Denied.

**COUNT III**
**VIOLATIONS OF 42 U.S.C. § 1981**

44.    Defendants incorporate by reference as though set forth fully herein their answers to paragraphs 1 through 43 of the Complaint.

45.    Paragraph 45 constitutes conclusions of law and therefore no responsive pleading is required.  However, to the extent that any responsive pleading is required, paragraph 45 is denied.

46.    Denied.

47.    Denied.

No responsive pleading is required in answer to Plaintiff's prayer for relief.  To the extent a response is required, it is denied that Plaintiff is entitled to any relief under Title VII of the

DEL1 68134-2

Civil Rights Act of 1964, 42 U.S.C. § 1981, or the Equal Pay Act or any other state or federal law.

### AFFIRMATIVE DEFENSES

48.    The Complaint fails to state a claim upon which relief may be granted.

49.    Plaintiff's claims are barred by the doctrine of waiver, laches and/or estoppel.

50.    Plaintiff's claims against Defendant JPMorgan Chase & Co. are barred because Defendant JPMorgan Chase & Co. did not employ Plaintiff.

51.    The actions of which Plaintiff complains were taken for nondiscriminatory, non-retaliatory and legitimate business reasons.

52.    Plaintiff's claims are barred because she failed to comply with the requirements of applicable law and/or Defendants' internal policies.

53.    Plaintiff has failed to mitigate her damages.

54.    Plaintiff was an at-will employee.

55.    Plaintiff has failed to state a claim for punitive or liquidated damages.

56.    Plaintiff abandoned her job and therefore she was not discharged and suffered no adverse employment action.

57.    Plaintiff has failed to state a claim for emotional damages.

58.    Plaintiff's damages were not caused by Defendants.

59.    In addition to the foregoing defenses, Plaintiff's claims may be subject to one or more of the remaining affirmative defenses provided in Rule 8(c) of the Federal Rules of Civil Procedure, and Defendants affirmatively reserve the right to add such defenses upon completion of discovery.

DEL1 68134-2

WHEREFORE, Defendants respectfully request that the Court:

1.      Dismiss the Complaint with prejudice and on the merits;

2.      Award Defendants the costs and attorneys' fees they have incurred in the action;

and

3.      Grant Defendants such other relief as the Court deems just and equitable.

Dated: May 15, 2008

> KLEHR, HARRISON, HARVEY,
> BRANZBURG & ELLERS LLP
>
> By:   /s/ Kelly A. Green
> David S. Eagle (DE No. 3387)
> Kelly A. Green (DE No. 4095)
> 919 Market Street, Suite 1000
> Wilmington, DE  19801
> Telephone (302) 552-5508
> deagle@klehr.com
> kgreen@klehr.com
> *Attorneys for Defendants JPMorgan
> Chase & Co. and JP Morgan Chase Bank,
> N.A.*

DEL1 68134-2

## CERTIFICATE OF SERVICE

I Kelly A. Green, hereby certify that on May 15, 2008, I electronically filed the foregoing

document with the clerk of Court using CM/ECF which will send notification of such filing(s) to

the following:

### ELECTRONIC FILING

Martin Duane Haverly, Esquire
Martin D. Haverly, Attorney at Law
2 East 7th Street, Suite 201
Wilmington, DE 19801

/s/ Kelly A. Green
Kelly A. Green (DE Bar No. 4095)

DEL1 68134-2